NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANCE CONWAY WOOD, | No. 15-35241 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-00102-TC |
| v. | |
| OREGON DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted September 26, 2017**

Before:     SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

Lance Conway Wood, a Utah state prisoner housed in an Oregon state prison, appeals pro se from the district court's summary judgment for failure to exhaust administrative remedies in his 42 U.S.C. § 1983 action alleging various constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

---

    *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo. *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015). We affirm in part, vacate in part, and remand.

The magistrate judge recommended revoking Wood's in forma pauperis status, but it is not clear whether the district court adopted this recommendation. However, we conclude that this appeal is not frivolous and grant in forma pauperis on appeal.

The district court properly granted summary judgment on Wood's claims regarding denial of access to courts, denial of marriage, rejection of mail containing "romantic content," delayed mail, and insufficient postage because Wood failed to raise a genuine dispute of material fact as to whether he properly exhausted his administrative remedies as to these claims, or whether administrative remedies were effectively unavailable. *See Woodford v. Ngo*, 548 U.S. 81, 84, 90 (2006) (requiring proper exhaustion, which means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and quotation marks omitted)); *see also Ross v. Blake*, 136 S. Ct. 1850, 1858-60 (2016) (explaining that an inmate need not exhaust unavailable administrative remedies and setting forth circumstances under which an administrative procedure is unavailable).

However, the district court improperly granted summary judgment on Wood's claim regarding the denial of visitation rights. Unlike the general

grievance process, which explains what an inmate may do if he fails to receive a timely response, the visitation policy does not provide any such guidance; rather, such a grievance is exhausted when the Institutions Director or designee issues a decision, and the record does not reflect any such decision, despite Wood's evidence that he mailed the proper grievance. Because the district court did not consider whether administrative remedies were unavailable to Wood, *see Ross*, 136 S. Ct. at 1858-60, we vacate the judgment in part and remand for further proceedings as to this claim only.

Wood does not challenge the district court's grant of summary judgment for defendant Oregon Department of Corrections ("ODOC") on the basis of Eleventh Amendment immunity, and thus he has waived any challenge to the district court's summary judgment for ODOC. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived[.]").

The district court did not abuse its discretion by denying Wood's motion for discovery because Wood failed to show that the evidence he sought to discover would have precluded summary judgment. *See Klingele v. Eikenberry*, 849 F.2d 409, 412-13 (9th Cir. 1988) (setting forth standard of review and recognizing that "[t]he burden is on the nonmoving party . . . to show what material facts would be discovered that would preclude summary judgment").

15-35241

We reject as without merit Wood's contention regarding the declaration of Clig because the declaration was immaterial to whether Wood failed to exhaust administrative remedies.

We reject as without merit Wood's contentions regarding the severance of McKenzie's claims and that Wood was prejudiced because both he and McKenzie were required to pay a separate filing fee.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**